**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number:  1:15-cv-22657-Ungaro

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

       Plaintiffs,

vs.

PEI WEI ASIAN DINER, LLC
d/b/a Pei Wei Asian Diner

       Defendant.

---

**PLAINTIFF'S MOTION FOR LEAVE OF THE COURT TO AMEND THE
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

Plaintiff ANDRES GOMEZ, by and through his undersigned counsel, hereby respectfully files Plaintiff's Motion for Leave of the Court to Amend the Complaint and Incorporated Memorandum of Law and in support thereof states:

1.      The Plaintiff filed his Complaint on July 15, 2015 [DE 1].

2.      Defendants have been served, and not entered an appearance.

3.      Good cause for the amendment is required to correct scriveners errors within the Compliant as originally filed.

4.      The requested also provides additional and pertinent facts related to the violations of the  Americans with Disabilities Act.

5.      The Amendment is in the interest of justice and is not brought for purposes of harassment or delay.

6.      This request for amendment is filed within the deadline for Amendment, as no deadline has been stated; the court has not yet issued its Scheduling Order.

7.      This request will not prejudice the Defendant.

## MEMORANDUM OF LAW

This filing is in accordance with U.S.D.C. So. Florida Local Rules of Civil Procedure, Local Rules 7.1(a)(1),  7.1(a)(2), and 7.1(a)(3), and has been filed according to Local Rule 15.1

Fed.R.Civ.P.15 (a)(1)(A) states that a party may amend a pleading once as a matter of courts within twenty-one days after service with the court's leave, and the court should freely give leave when justification so requires.

WHEREFORE, Plaintiff and Plaintiff's counsel respectfully request that the Court grant Plaintiff's Motion for Leave of the Court to Amend the Complaint.

## CERTIFICATION

The Defendant has yet to be served, and the Motion for Leave of the Court to Amend the Complaint is made within twenty one days of filing.  As the Defendant has yet to be served and counsel for the Defendant has not entered an appearance the Plaintiff has not contacted said counsel. Therefore Local Rule of Civil Procedure Local Rule 7.1(a)(3) has not attempted to resolve this matter prior to the filing of this Motion.

Dated this 20th day of July, 2015.


Respectfully Submitted,

*s/ Scott R. Dinin*
Scott R. Dinin
Law Office of Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Telephone: (786) 431-1333

E-mail: inbox@dininlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing once the Defendant has been served and entered an appearance.

*s/ Scott R. Dinin*

# COMPOSITE EXHIBIT 'A'

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number: 15-cv-22657-Ungaro

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

      Plaintiffs,

vs.

PEI WEI ASIAN DINER, LLC
d/b/a Pei Wei Asian Diner

      Defendant

---

**AMENDED COMPLAINT
CLASS ACTION**

---

      Plaintiff Andres Gomez, on his own behalf and on behalf of all Other Individuals Similarly Situated, hereby sues Pei Wei Asian Diner, LLC for civil rights violations and for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36, and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, and allege as follows:

**<u>INTRODUCTION</u>**

      1.    This is an action to put an end the unequal treatment of customers at the Public Accommodations of Defendant Pei Wei Asian Diner, Inc. (also referenced herein as "Defendant")

1

2.      The Defendant has created a situation where the visually impaired are denied the experience of accessing and utilize the self-service soda fountain machines within the Defendant's Pei Wei restaurants,.

3.      The Defendant is a national corporation that franchises, owns, leases and or subleases a chain of fast food restaurants to tenants/franchisees (hereinafter Pei Wei Restaurants") throughout the United States.   As such it has subjected itself to the Americans With Disabilities Act ("ADA").

4.      The Defendant's Pei Wei Restaurants are places of public accommodation and as such, each of the Defendant's Pei Wei Restaurants are subject to the ADA, which means they must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

5.      This proposed class action alleges that the Defendant has violated state and federal laws and regulations by pursuing discriminatory policies or practices based upon its deployment and operation of self-service soda fountain machines for its patrons (the general public) which deny individuals who are visually impaired equal access to the goods and services (soda fountain drinks) at its Pei Wei Restaurants.  Simply put, visually impaired customers of the Defendant's restaurants are unable to comprehend, thus unable to independently operate/use Defendant's self-service soda fountain machines.

6.      Congress provided a clear mandate to eliminate barriers for people with Disabilities, to ensure Public Accommodations are equally accessible by all people, and that people with Disabilities are not segregated in their experiences while engaging in Public commerce when it passed the landmark historic Civil Rights legislation over 25 years ago; Americans with Disabilities Act.  Similarly Defendant has violated State Laws

2

that are designed to protect disabled persons and ensure access to good and services by making reasonable accommodations.

   7. Defendant has violated statutes enacted in all the States they operate in (except for the State of Texas). These statutes are:

   7.I.1. Arizona Arizonans with Disabilities Act
   7.I.2. Arkansas Civil Rights Act
   7.I.3. California Unruh Civil Rights Act
   7.I.4. Colorado Anti- Discrimination Act
   7.I.5. District of Columbia Human Rights Act/Laws
   7.I.6. Florida Civil Rights Act
   7.I.7. Illinois Human Rights Act
   7.I.8. Indiana Civil Rights Laws
   7.I.9. Kansas Act against Discrimination
   7.I.10. Louisiana Commission On Human Rights Act
   7.I.11. Maryland Commission on Civil Rights Act
   7.I.12. Michigan Human Rights Act
   7.I.13. Minnesota Human Rights Act
   7.I.14. Missouri Human Rights Act
   7.I.15. New Mexico Human Rights Act
   7.I.16. New Jersey Law Against Discrimination
   7.I.17. Nevada Public Accommodations Law
   7.I.18. North Carolina Persons with Disabilities Protections Act
   7.I.19. Ohio Civil Rights Commission
   7.I.20. Oklahoma Anti- Discrimination Act
   7.I.21. Pennsylvania Human Relations Act
   7.I.22. Tennessee Human Rights Act
   7.I.23. Utah Civil Rights Act
   7.I.24. Virginia Human Rights Act

## JURISDICTION & VENUE

   8. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §1331, and 28 C.F.R. § 36.201.

9.     This is also an action for declaratory and injunctive relief to prevent discrimination and unequal access to self-service soda fountain machines at the Defendant's restaurants, which are places of public accommodation.

10.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant transacts business in this District and the acts constituting the violation of the ADA occurred in this District.

11.    Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 on his own behalf and on behalf of all Other Individuals Similarly Situated.

12.    The remedies provided by Florida Statute §760 are not exclusive. State administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

**Andres Gomez**

13.    Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

14.    Plaintiff Gomez suffers from what constitutes as a "qualified disability" under the ADA.  Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance, or operating touch screen devices without audio or tactile auxiliary aides. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

4

15.     Plaintiff Gomez is a regular customer of public restaurants such as Defendant's Pei Wei Restaurants.

16.     The Pei Wei Restaurant which Plaintiff Gomez visited provides goods and services to the general public and, upon information and belief, is owned and operated by the Defendant.

17.     Plaintiff Gomez has developed a specific system to obtain full and equal access to ADA compliant soda fountains in restaurant establishments. Plaintiff Gomez has committed to memory the order of soda fountain flavors within the soda fountain machine[1]. By committing the order of flavors to memory, individuals with visual impairment have provided for themselves equal access to soda fountains. A visually impaired individual is able to put his or her hand on the spigot at either end of the machine, and to feel his (or her) way to the spigot that dispenses the desired soda flavor. In this way, soda fountains comply with the ADA, because there is a method by which visually impaired individuals can have equal access.

18.     The Pei Wei Restaurant which Plaintiff Gomez visited offered(es) its selection of drinks and dispensing of drinks solely through a stand-alone kiosk (soda fountain dispenser) which is\was a "Coca Cola Freestyle" model self-service soda fountain machine.

19.     The "Coca Cola Freestyle" exclusively utilizes a touchscreen visual display with graphics depicting the soda flavor and soda logos which aid the consumer in his/her selection of soda flavors and offers the consumer the ability to mix flavors.

---

[1] This method of accessing soda-fountain machine drinks is also employed by other individuals who are visually impaired.

5

20.     The "Coca Cola Freestyle" is\was not ADA compliant.   As such, the Defendant has discriminated against Plaintiff Gomez as delineated more fully herein below.

**Other Plaintiffs Similarly Situated**

21.     Other plaintiffs similarly situated to Plaintiff are qualified individuals with disabilities under, and as defined by, the ADA.

22.     Other plaintiffs are also similarly situated to Plaintiff by virtue of the fact that they are disabled with visual impairments who also commit to memory the soda fountain flavors within soda fountain machine within fast food restaurants. As such, individuals with visual impairment have provided for themselves equal access to soda fountains at fast food restaurants.

23.     As with Plaintiff Gomez, other plaintiffs similarly situated are also unable to comprehend and utilize the Freestyle self-serve soda fountain machines because said Freestyle machines are not equipped with an auxiliary aid for the visually impaired which would supplement the touchscreen monitor for selection and order of soda fountain flavors for the consumer.

24.     Visually impaired individuals enjoy selecting and mixing their own soda fountain beverages as to sighted people.  The lack of accessible Freestyle self-serve soda fountain machines means that visually impaired individuals are excluded from the self-service soda selecting and mixing experience and from independently obtaining their own soda fountain drink.

25.     Thus, other plaintiffs are also similarly situated to Plaintiff having suffered and will continue to suffer discrimination due to the employment and utilization of the Freestyle self-serve soda fountain machines in the Pei Wei Restaurants by the Defendant.

**Pei Wei Asian Diner, LLC**

26.     Defendant Pei Wei Asian Diner, LLC is the owner of a restaurant chain called "Pei Wei Asian Diner". Defendant is authorized to conduct (and is conducting) business within the State of Florida and within the jurisdiction of this court.

27.     At all times material hereto, the Defendant  was (and is) operating a chain of Pei Wei Asian Diner restaurants under the Pei Wei Asian Diner franchise (and brand) which are open to the public (which are also referenced as "Pei Wei Asian Diner," or as "Pei Wei Restaurants").

28.     The Defendant's Pei Wei Asian Diner restaurants contain services and accommodations which subject them to Chapter 760 and §509.092 of the Florida Statutes.

### FACTS

29.     The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a "Place of Public Accommodation," 42 U.S.C. §12181(7) (B) and 28 C.F.R. § 36.104. (2) or "[P]laces of public accommodation," "[A] restaurant, bar, or other establishment serving food or drink."

30.     The Defendant's franchise Pei Wei Asian Diner restaurants are places of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. Part 36 and the Florida Civil Rights Act, codified as Title XLIV.

31.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services.

32.     On May 24, 2015, Plaintiff Gomez went to the Defendant's Pei Wei Asian Diner located at 2283 SW 37th Avenue, Miami Florida 33145 to purchase a meal and a drink.   At the point of purchase, the Defendant's representative handed Plaintiff Gomez an empty drink cup and directed Plaintiff Gomez to the self-serve soda fountain machine so that Plaintiff Gomez could select and mix his own drink[2].

33.     Plaintiff Gomez navigated his way to the Defendant's Freestyle (self-serve soda fountain machine) to select, mix and serve his own drink.

---

[2] The Defendant's self-serve soda fountain machine is a Coca-Cola Freestyle" machine (the "Freestyle", or "Freestyle machine"). The Freestyle is a touchscreen type self-serve soda fountain machine which provides Defendant's customers the ability to independent of the restaurant staff to select, mix and serve a large number of soda flavor options to restaurant customers, as shown herein:



34.     Upon encountering the Self Service drink machine, the Plaintiff was incapable operating the machine to select, mix, and dispense his own soda to drink[3].  The reason being was that the Freestyle utilizes a touchscreen which portrays icon photos of the various soda flavors wherein the customer must be sighted in order to touch the touchscreen to select the various soda flavors.

35.     The Freestyle's touchscreen has no auxiliary aid for visually impaired individuals. Thus, the Freestyle cannot be properly or fully used, utilized, and/or operated by visually impaired restaurant customers.

36.     Plaintiff Gomez then asked Defendants' staff if the Freestyle Machine was the only way to obtain soda.  The staff was unable provide instruction, or a substitute method, nor any device or tool which Plaintiff Gomez could employ in order to independently use the Freestyle to select, mix and dispense his soda fountain drink.

37.     Plaintiff Gomez eventually asked his mother who accompanied him to dine to assist him in selecting, mixing, and retrieving a soda.

---

[3] Freestyle is a large self-service soda fountain machine which provides customers with the ability to independently experience mixing of traditional and non-traditional sodas into new tastes.   By using the Freestyle, customers browse through the touchscreen which has icons depicting soda flavors, as depicted herein below:



38.     The Defendant's decision to utilize the Freestyle as its self-serve soda fountain machines (verses the older model self-serve soda fountain machines[4]) has resulted in the Defendant completely excluding individuals who are visually impaired (such as Plaintiff Gomez and other individuals similarly situated) from the experience of using the self-serve soda fountain machines at its Pei Wei restaurant locations.

39.     Pei Wei customers have the ability to create a personalized drink based on the mixing of sodas by navigating through the icons and touching the touchscreen icons to select from the over 120 soda flavors; Plaintiff Gomez has no such ability due to the inaccessibility of the Freestyle machine.  Likewise, sighted customers have the ability to walk up the Freestyle machine and independently obtain a re-fill. Plaintiff Gomez has no such ability.

40.     Clearly, the Freestyle machine within the Defendant's place of public accommodation, which uses an exclusively visual, touch-screen interface which features bright icon images of the soda flavors, is inaccessible to the blind or visually impaired.

41.     Independently operating the Freestyle is an *experience in dining* and is an integral part of the purchase and consumption of a soda fountain beverage at the Defendant's Pei Wei restaurants.

42.     Due to the inaccessibility of the Freestyle machine, Plaintiff Gomez was denied the dining experience enjoyed by other members of the general public and suffered an injury in fact.

43.     The Freestyle has relied on an exclusively visual, touch-screen interface

---

[4] which provided access and usability to individuals who are unable to see the machine (thus, were ADA compliant)

without consideration for readily accessible technology, such as the use of tactile controls and screen reading software (as used in blind accessible Automated Teller Machines).

44.     Freestyle machines make use of an exclusively visual interface that requires the user to identify and interact with logo icons to select drinks and flavors and a button to dispense the drink into the cup. There are no adaptive features, such as a screen reader with audio description or tactile buttons used to control commands.

45.     In addition, only sighted customers can gauge how much of the fountain drink they are dispensing into the cup, as there is no mechanism built into the machine to control the percentage of each drink a user dispenses into the cup. As a result, all of the services and features provided at Freestyle machines are only available to sighted customers.

46.     By its choice to employ the Freestyle, the Defendant's sighted customers can independently browse, select, and dispense soda without the assistance of others. However, individuals who are blind or otherwise visually impaired must rely on sighted customers or strangers to assist in choosing, mixing and dispensing soda into their purchased cup.

47.     As the owner, operator, lessor, sub-lessor, and franchisor of a national chain of restaurants, the Defendant should be aware of means by which fountain drink machines can be made accessible to individuals who are visually impaired. Nevertheless,

the Defendant has chosen to employ the inaccessible Freestyle[5] in lieu of traditional self-serve soda machines or other accessible soda drinks in its restaurants.

48.     By its choice to employ the Freestyle self-serve soda fountain machine without auxiliary aids, the Defendant has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations at its Pei Wei Asian Diner restaurants in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201 by failing to provide ADA compliant self-serve soda fountain machine or in the alternative, providing auxiliary aids or devices to sufficiently integrate its Freestyle machines so that they can be utilized by Plaintiff Gomez and others with visual disabilities.

49.     The Defendant has not provided full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided within its Pei Wei Asian Diner restaurants.

50.     As a result of the Defendant's discrimination, in which Plaintiff Gomez was unable to enjoy the same dining experience of sighted individuals at the Defendant's Pei Wei restaurant, Plaintiff Gomez has suffered an injury in fact including loss of dignity, mental anguish, and other tangible injuries; see Exhibit A for verification.

51.     Plaintiff Gomez continues to dine at restaurants similar to Pei Wei Asian Diner and desires to return to the Defendant's Pei Wei Asian Diner restaurants, but he is unable to do so as he is unable to independently comprehend and utilize the Defendant's Freestyle self-serve soda fountain machine.  Thus, he will continue to suffer irreparable

---

[5] Freestyle machines have been proven to increase revenue and have high profit margins, thus deployment of Freestyle machines in its places of public accommodation  by the Defendant was a business/economic decision.

injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

52.     On information and belief, by providing only the Freestyle machine, the Defendant has intentionally made its Pei Wei restaurants inaccessible, and intentionally brought itself into violation of the ADA.

53.     The Defendant is aware of the access barriers caused by the Freestyle machine within its Pei Wei restaurants which prevent individuals with disabilities who are visually impaired from independently selecting and mixing soda fountain drinks at the Defendant's places of public accommodation.  Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

54.     Enforcement of Plaintiff Gomez's rights, and the rights of other individuals similarly situated is right and just pursuant to 28 U.S.C. §§2201, 2202.

55.     Plaintiff Gomez has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff Gomez brings this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class [F.R.C.P. Rule 23(a)(1)], the claims and defenses of the representative party is typical of those of the class [F.R.C.P. Rule 23(a)(3)], and Plaintiff Gomez (as the representative party) will fairly and adequately protect the interests of the class [F.R.C.P Rule 23(a)(4)].

57.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a class action, as defined by 28 U.S.C. §1332(d)(1)(B), in which a member of the punitive class is a citizen of a different state than the Defendant, and the amount in controversy exceeds the sum or value of $5 million dollars, excluding interest and costs. See 29 U.S.C. §1332(d)(2).

58.     According to Gallop[6], there are 160,000 fast food restaurants in America, serving 50 million Americans daily. On average, 84%[7] Americans eat at fast food style restaurants such as Pei Wei Asian Diner at least once a week, and annual fast food revenue is $110 billion dollars.

59.     According to the National Federation for the Blind[8], there are 6,670,300 Americans with visual disabilities, and 434,600 within the state of Florida.

60.     Assuming arguendo that persons with visual disabilities eat at fast food restaurants such as Pei Wei Asian Diner[9] in equal measure as persons without disabilities, then 5,603,052[10] persons with visual disabilities in America eat at restaurants such as Pei Wei Asian Diner at least once a week.

61.     Based on these percentages, there are up to 365,064[11] Americans who are visually impaired who are a part of the general population who eat at restaurants such as Pei Wei Asian Diner at least once a week.

---

[6] Pew Research Center - Gallop research date: March 12, 2015, See http://www.statisticbrain.com/fast-food-statistics/
[7] Frequency:  Once per week: 44%, Twice per week: 20%, Three or more per week: 20%
[8] Statistics for 2012, see http://www.NFB.org/blindness-statistics
[9] The Defendant's fast food restaurant chain, which is a national chain of fast food restaurants
[10] 6,670,300 Americans with visual disabilities times 84% individuals who eat at fast food restaurants at least once a week equals 5,603,052
[11] 434,600 Americans with visual disabilities times 84% individuals who eat at fast food restaurants at least once a week equals 365,064

62.     Thus, the Class of Others Similarly Situated to Plaintiff Gomez which is to be represented by Plaintiff Gomez is so numerous (365,064 visually impaired Americans in the state of Florida, 5,603,052 visually impaired Americans throughout the United States) that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

63.     Plaintiff Gomez is a representative of the Class due to the fact that he suffers from a qualified disability, is visually impaired, and requires accommodation to comprehend and utilize the self-service soda fountain machines within the Defendant's Pei Wei restaurants.

64.     The questions of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

65.     Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

66.     The Plaintiff seeks injunctive relief for the implementation of the relief provided by the ADA which is the same relief which would be sought by each class member if he or she brought a claim individually.  Accordingly, Plaintiff Gomez (as the representative party for the Class) will fairly and adequately protect the interests of the Class.

67.     The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

68.     Prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications, the potential establishment of

incompatible standards, and adjudication which may be dispositive of the interest of the other class members.

69.     The questions of law and fact common to the members of the Class, such as the degree of non-compliance, which will be raised and adjudicated herein, predominate over any questions affecting only the individual Plaintiff or individual members of the Class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

70.     The Defendant has discriminated against Plaintiff Gomez and the members of the Class by not providing full and equal access to the goods and services provided by Freestyle. Through these unfair and discriminatory practices, the Defendant has collected millions of dollars in marginal additional revenue from the sale of fountain drinks through the Freestyle, which it would not otherwise have earned.  Plaintiff Gomez is entitled to injunctive relief to bring to end this discriminatory practice pursuant to the ADA; 42 U.S.C. §12188.

71.     Plaintiff Gomez and others similarly situated have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

72.     Plaintiff Gomez and others similarly situated will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

73.     This complaint seeks declaratory and injunctive relief to correct the Defendant's policies and practices to include measures necessary to ensure compliance

with federal and state law and to include monitoring of such measures, to update or remove unlawful Freestyle self-serve soda fountain machines so that Plaintiff Gomez and the proposed class and subclass of customers who are blind or visually impaired will have full and equal enjoyment of the Pei Wei Restaurant experience.

74.     This complaint also seeks minimum statute damages to compensate the class and subclass of customers for having been subjected to unlawful discrimination.

75.     Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

76.     Plaintiff Gomez and others similarly situated re-allege and incorporate by reference the allegations set forth in ¶¶s 1 – 75 herein above.

77.     The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and roles in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years.

78.     "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001). "After thoroughly investigating the problem, Congress concluded that there was a compelling need for a clear and comprehensive national mandate to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." PGA Tour, 532 U.S. at 675 (2001) (internal quotation marks omitted).

79.     To establish liability under Title III of the ADA, Plaintiff Gomez mush show that "(1) that she is disabled …; (2) that defendant's own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." Camarillo v. Carrols Corp. 518 F.3d 152, 156 (2d Cir. 2008).

80.     Plaintiff Gomez has met the standards delineated in Camarillo. The only way that Plaintiff Gomez may equally enjoy the goods and services that the Defendant provides is if the Freestyle machine is modified to include a blind interface system which employs an audio interface system, a tactile keyboard, and/or interactive screen reader technology. See, 42 U.S.C. §12103(1)(C).

81.     As a result of the inaccessibility of the Defendant's Freestyle self-serve soda fountain machines and by the barriers the Freestyle machines pose to the visually impaired (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq. Such barriers have also been frustrating and injuries to Plaintiff Gomez's dignity.

82.     Plaintiff Gomez has suffered an injury in fact. Pursuant to 42 U.S.C. §12181(7)(E) and (F); Defendant's Pei Wei restaurants are *places of public accommodation* under the ADA because they are "sales or rental establishment(s)".  As such, Defendant's must be in compliance with the ADA.

83.    The Defendant has systematically violated the ADA (and continues to violate the ADA) by denying access to individuals with disabilities who are visually impaired by:

   a)    implementing and maintaining services that discriminate against members of the putative class and subclass of visually impaired customers with knowledge of such discrimination;

   b)   implementing and maintaining services that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

   c)   failing to act in the face of the substantial likelihood of discrimination to a class and subclass of consumers rights as protected under federal and state law.

84.    The Defendant has violated 42 U.S.C. §12181(b)(2)(A)(II) which states that it is unlawful to discriminate which includes (among other things), "a failure to make reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

85.    There is readily accessible technology, such as the technology in use at accessible automated teller machines, which make use of tactile controls and auxiliary aids, which can be integrated into Freestyle machines to make them independently accessible to visually impaired individuals. Providing such auxiliary aids as mandated by the ADA would neither fundamentally alter the nature of the Defendant's business nor result in an undue burden to the Defendant.

86.     As such, the Defendant has violated 42 U.S.C. §12181(b)(2)(A)(III) which states "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodation being offered or would result in an undue burden."

87.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. §12181 et. seq. and the regulations promulgated thereunder. Patrons of the Defendant's Pei Wei restaurants who are visually impaired have been denied full and equal access and have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services which are inferior to the services provided to non-disabled patrons.

88.     The Defendant has failed to take a prompt or equitable step to remedy its discriminatory conduct. These violations are ongoing.

89.     As a result of the Defendant's wrongful conduct, Plaintiff Gomez and others similarly situated are entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

90.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff and others similarly situated injunctive relief; including an order to:

a)     require the Defendant  to adopt and implement self-serve soda fountain machine(s) that include software and hardware functions for accessibility by individuals who are visually impaired and to adapt and implement an

20

accessibility policy to ensure persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, and

   b)      require that the Defendant  cease and desist discriminatory practices and if necessary to cease and desist operation until the requested modifications of its self-serve soda fountain machine(s) are made such that its self-serve soda fountain machine(s) are ADA compliant and equally accessible to persons with disabilities.

92.     Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff and others similarly situated are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Pei Wei Asian Diner, LLC:

WHEREFORE, Plaintiff Andres Gomez on his own behalf and on behalf of all other Individuals Similarly Situated hereby demand judgment against Defendant Pei Wei Asian Diner, LLC and request the following injunctive and declaratory relief:

   A.      The Court issue a declaratory judgment that Defendant Pei Wei Asian Diner, LLC has violated Plaintiffs' rights as guaranteed by the ADA in that Defendant took no action that was reasonably calculated to ensure that its self-serve soda fountain machines were fully accessible to, and independently usable by individuals who are visually impaired;

   B.      The Court enter an Order granting temporary, preliminary, and permanent injunction prohibiting Defendant Pei Wei Asian Diner, LLC from

21

operating its self-serve soda fountain machines without adequate accommodation for the visually impaired community;

C.   A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §36.504 (a) which directs Defendant Pei Wei Asian Diner, LLC to take all steps necessary to bring its self-serve soda fountain machines into full compliance with the requirements set forth in the ADA (and its implementing regulations) so that the self-serve soda fountain machines within its restaurants are fully accessible to, and independently usable by, visually impaired individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its self-serve soda fountain machines are fully in compliance with the relevant requirements so that individuals with visual disabilities can access its self-serve soda fountain machines independently with the same level of independence and choice as the general public to the full extent required by the Title III of the ADA.

D.   The Court enter an Order requiring Defendant Pei Wei Asian Diner, LLC to provide ongoing support for its self-serve soda fountain machines to insure accessibility for visually impaired individuals and providing for accessibility feedback to insure compliance thereto.

E.   The Court enter an Order directing Defendant Pei Wei Asian Diner, LLC to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to its self-

serve soda fountain machines such that individuals with visual disabilities will have the same access to self-serve soda fountain drinks as the general public.

F.     The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiffs; and

G.     That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTES §509 and §760 *et al.*

93.     Plaintiff Andres Gomez realleges and incorporates by reference the allegations set forth in ¶¶s 1-75 herein above.

94.     Defendant Pei Wei Asian Diner §760, LLC has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any public accommodation, without discrimination or segregation on the grounds of handicap.

95.     The failure of the Defendant's self-service soda fountain machines to accommodate Plaintiff Andres Gomez and other individuals similarly situated is tantamount to refusal to do so. As such, Defendant Pei Wei Asian Diner, LLC has violated Florida Statute §509.092, which states that a public food service establishment may not refuse accommodation or service to any person based upon physical disability.

96.     The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Andres Gomez on his own behalf and on behalf of all other Individuals Similarly Situated respectfully pray that this Court grant the following

relief against Defendant Pei Wei Asian Diner, LLC, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a)      A declaration that the policies and procedures of Defendant Pei Wei Asian Diner, LLC violated Florida Statutes §760 and §509.092, in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b)      An Order mandating that Defendant Pei Wei Asian Diner, LLC update its self-serve soda fountain machines to remove barriers to access in order that individuals with visual disabilities can access the self-serve soda fountain machines;

c)      An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

d)      An Order mandating that the Defendant evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

e)      An Order mandating that the Defendant expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

24

f)       Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

g)       Award reasonable costs and attorneys fees; and

h)       Award any and all other relief that may be necessary and appropriate.

Dated this 20th day of July, 2015.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

    Plaintiffs,

vs.

PEI WEI ASIAN DINER, LLC
d/b/a Pei Wei Asian Diner

    Defendant.

---

## VERIFICATION OF COMPLAINT

---

Plaintiff ANDRES GOMEZ declares under penalty of perjury under the laws of

the State of Florida that the allegations in the foregoing complaint are true and correct to

the best of my belief, recollection and knowledge.

Date: 7/14/15

_____
ANDRES GOMEZ

**EXHIBIT "A"**