UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:  1:15-cv-22657-Ungaro

ANDRES GOMEZ, On His Own Behalf, and On
Behalf of All Other Individuals Similarly Situated

     Plaintiffs,
vs.

PEI WEI ASIAN DINER, LLC d/b/a Pei Wei Asian Diner

     Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM AND MEMORANDUM OF LAW**

---

Plaintiff, Andres Gomez (on his own behalf, and on behalf of all other individuals similarly situated) by and through his undersigned counsel, files this Response Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and Memorandum of Law [DE 18] (Motion) in support thereof, and states:

## SUMMARY OF THE ARGUEMENT

Through its Motion to Dismiss, the Movant is seeking this Court's endorsement of a new system of *Apartheid at the Soda Fountain*. The Movant intends for this court to approve the *segregation of the Visually Impaired Community* from all other peoples at the soda fountain by allowing the Defendant to operate new technology that is (on its design and operation) discriminatory toward the visually impaired. Should the court grant Movant's Motion, the Court will have effectively endorsed *discrimination*, which will result in further discrimination against the visually impaired. The court has a function to fully inquire and investigate the facts and

circumstances of the use and placement of self-service touch screen soda fountain machines in the Defendant's places of public accommodation.

The Amended Complaint [DE 8] plainly states that the Plaintiff went to the Defendant's restaurant and was unable to utilize the Defendant's Coke Cola Freestyle machine to obtain the beverage which he had purchased. As such, the Plaintiff was put in the position of asking other people to help him dispense a drink.

The Plaintiff was unable to readily and easily obtain help or accommodation because (contrary to the rhetoric within Movant's Motion), the Defendant does not (and did not[1]) have a policy, a plan, or a procedure to easily and efficiently assist those members of the visually impaired community to obtain beverage(s) using its [Defendant's] self-service soda machines without encountering resistance from unorganized, untrained, and uninformed (to the needs of the disabled community) staff.

## STATEMENT OF THE CASE

1. The Amended Complaint [DE 8] pleads for injunctive relief pursuant to Title II of the Americans with Disabilities Act ("ADA") as amended 42 U.S.C. 12131(1) and 28 C.F.R. 35.104 and regulations thereto, and for compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760.

2. The Defendant has moved to dismiss Plaintiffs' Amended Complaint, stating that: i) it should be dismissed for lack of subject matter jurisdiction because the Plaintiff lacks standing because alleging that the Plaintiff (1) did not suffer any injury-in-fact, (2) can not establish a genuine threat of imminent or future injury, (3) did not claim that he [Plaintiff] was unable to use the Freestyle dispenser but claimed that he [Plaintiff] was unable to independently use the Freestyle dispenser, and (4) that the Plaintiff did not place the Defendant on notice of his

---

[1] at the time of the Plaintiff's visit to Defendant's place of public accommodation

need for auxiliary aids or services due to his disability; *see Defendant's Motion to Dismiss* [DE 18].

## STATEMENT OF THE FACTS

Defendant's Motion seeks to dismiss Plaintiff's Amended Complaint. Cogent facts which establish Plaintiff's claim are delineated herein below and paragraph references are to the Amended Complaint [DE 8]:

a) ¶ 14 establishes that the Plaintiff is legally blind, and that his disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h);

b) ¶¶s 3 & 4 identify the Defendant Pei Wei Asian Diner, LLC ("Defendant"), as the owner and operator of a chain of restaurants "Pei Wei Asian Diner";

c) ¶ 29 establishes that the Defendant is the owner, operator, and (at times) lessee to others of a public accommodation (restaurant(s)). As such, the Defendant is itself a "Public Accommodation" within meaning of Title III because the Defendant is a private entity which owns, leases, leases to others, or operates a restaurant, bar, or other establishment serving food or drink; according to 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104;

d) ¶ 30 establishes that the Defendant's restaurants are "places of public accommodation" subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. Part 36;

e) ¶ 32 establishes that the Plaintiff went to one of the Defendant's restaurants on May 24, 2015 to purchase a meal and a drink and that the Plaintiff was directed to the Defendant's [Freestyle] self-serve soda fountain machine in order to obtain a beverage or water[2];

f) ¶ 36 alleges that the Plaintiff questioned the Defendant's Representative (restaurant staff) regarding the Freestyle self-serve soda fountain machine;

g) ¶ 37 alleges that the Defendant's Representative failed in an assist the Plaintiff and that the Plaintiff's mother had to help the Plaintiff in selecting, mixing, and retrieving a drink;

h) footnote 2 supports ¶ 32, which describes the non-ADA compliant self-serve soda fountain machine (the "Freestyle"), which the Defendant has chosen to provide in its restaurants This footnote describes the Freestyle as a touchscreen type self-serve soda fountain machine which provides Defendant's customers the ability to

---

[2] The water dispenser is also located within the Freestyle beverage dispenser

    independent of the restaurant staff to select, mix and serve a large number of soda flavor options to restaurant customers;

i) ¶¶s 30-39, and 42-43 of the Amended Complaint detail how the Defendant had full knowledge of its actions, and how the Plaintiff has been harmed by those actions;

j) ¶¶s 40-41, 46, & 50 of the Amended Complaint state specifically that the Plaintiff has been harmed by the Defendant's discriminatory action, in that the Plaintiff has been denied the ability to independently operate the self-service soda fountain machine and suffered loss of dignity, mental anguish and other tangible injuries as a result;

k) ¶¶s 21-25 of the Amended Complaint establish that there is a class of other plaintiffs similarly situated to the Plaintiff who have suffered and who will continue to suffer discrimination due to the Defendant's employment and utilization of the Freestyle self-serve soda fountain machines in its restaurants[3];

l) ¶¶s 56-72 of the Amended Complaint delineate Class Action Allegations, which establish the Defendant's discrimination against the visually impaired, which are the class of other plaintiffs similarly situated.

m) ¶ 73 of the Amended Complaint requests declaratory and injunctive relief to correct the Defendant's policies and practices.

## **STANDARD OF REVIEW**

The question before this court is whether the Amended Complaint meets the minimum requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure to withstand Defendant's Motion to Dismiss.

In accordance with F.R.C.P Rule 8(a)(2), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. 41 (1957). In considering a motion to dismiss, the complaint **should be**

---

[3] The United States currently has over eight million visually disabled people, approximately 2.6% of the population.

4

**construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.** Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

## MEMORANDUM OF LAW

### A. The Plaintiff has adequately Stated Injury-in-fact

The Movant's argument that the Plaintiff has failed to establish an injury-in-fact and lacks standing pursuant to Fed R. Civ. P. Rule 12(b)(1) is without basis.

As delineated in Sierakowski v. Ryan, 223 F.3d 440, 442-43 (7th Cir. 2000), the Plaintiff has demonstrated three elements necessary to prove standing within the Amended Complaint:

(1) the Plaintiff has suffered an 'injury in fact'; the suffering of loss of dignity and mental anguish due to the Defendant's employment of a self-service soda fountain machine with a touch screen which is/was not equipped with auxiliary aids for the visually impaired (¶ 50 of the Amended Complaint);

(2) the Plaintiff has plead a causal link between that injury and the Defendant's action the (the Defendant's employment of a self-service soda fountain machine with a touch screen which is/was not equipped with auxiliary aids for the visually impaired) (¶51 of the Amended Complaint);

(3) the Plaintiff has shown that a favorable decision by the court; ie: a ruling that the Defendant cease and desist its discriminatory practice, by adopting and implementing self-serve soda fountain machine(s) that include software and hardware functions for accessibility by individuals who are visually impaired and to adapt and implement an accessibility policy to ensure persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, and requiring the Defendant to discriminatory practices and if necessary to cease and desist operation until the requested modifications of its self-serve soda fountain machine(s) are made (¶ 90 of the Amended Complaint).

The Plaintiff has provided specific facts and a description of the events on the date of his visit to the Defendant's place of public accommodation and the date when the action occurred which effect the cause of actions delineated within the Amended Complaint, and that such actions resulted in injury to the Plaintiff, as within the facts delineated herein above.

In any lawsuit, the plaintiff has to show that he/she has "standing," or the legal right to sue. In the instant case, the Plaintiff has standing because the Plaintiff is a bona fide patron. Another element of "standing" is the concept of "redressability" – the doctrine that the court must have the authority to implement whatever remedies that the plaintiff seeks.

A plaintiff seeking to invoke a federal court's jurisdiction must establish standing. Koziara v. City of Casselberry, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Standing has three constitutional elements (as delineated above), which the Plaintiff in this action has adequately plead. Further, while an injury in fact cannot be an abstract injury, Koziara, *Id.* at 1305 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)), the test is satisfied if the party seeking review is himself among the injured, i.e. it affects the plaintiff in a personal and individual way. *Id.*

The gravamen of the instant action is that the Plaintiff has been prohibited from independently accessing the Freestyle drink dispenser and thus has been denied equal enjoyment of the accommodations at Defendant's place of public accommodation, in violation of the ADA.

The Movant's citation of Panzica v. Mas-Maza, Inc. No. 05-2595 (ARL), 2007 U.S. Dist. LEXIS 42171 (E.D.N.Y. June 2007) is not relevant because the facts in Panzica are dissimilar. In Panzica, the Plaintiff could have used an alternate entrance to enter the Defendant's restaurant and in the instant case, Plaintiff Gomez could not in any instance independently use the Freestyle drink dispenser since it is not equipped with auxiliary aids in order that he can enjoy the same access to self-serve drink mixing (experience) as the (sighted) general public[4].

In the instant case, the Plaintiff has met the burden for each element of standing. The Plaintiff stated that he suffered an injury-in fact, that the injury is related to the actions of the

---

[4] Every other type of disabled class can utilize this machine (including hearing impaired and mobility impaired individuals) by the use of the tactile button and on-screen messaging. However note, that the tactile button is NOT embossed with braille

Defendant, that the injury was prior to the filing of this lawsuit, and that the injury can be redressed by a favorable decision.

    B. **The Plaintiff has established a genuine threat of imminent future injury**

The Movant incorrectly argues that the Plaintiff has not established a genuine threat of imminent future injury. The Amended Complaint succinctly states that Plaintiff (and other individuals similarly situated) will be discriminated against by Defendant in the future.

The Plaintiff has alleged that he personally visited Defendant's restaurant and purchased a drink and was unable to independently use the Freestyle drink dispenser within the Defendant's restaurant. Thus, the Plaintiff was denied equal enjoyment of the services and facilities, and suffered an injury in fact.

The Plaintiff further alleged that he continues to desire to visit the Defendant's restaurant in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to his inability to independently use the Freestyle drink dispenser which remains at Defendant's facility, all in violation of the ADA. The Plaintiff is not required to state with specificity dates of intended future visits as a matter of course, but his desire and intent to so visit. Further, the Plaintiff's residence is within a few miles of the Plaintiff's residence therefore the possibility of the Plaintiff's return to Defendant's restaurant is feasible.

Accordingly, Plaintiff has alleged a threat of future injury, which is factual and not speculative, and has pled his desire to return to the subject facility in the future, but such a repeat visit would be futile until the alleged ADA violations have been remedied by the Defendant.

By the Movant's statement that "proactive steps have been taken by Pei Wei to re-instruct its employees on ensuring guests are given proper assistance" (see, Motion [DE 18] at page 12), is not sufficient to insure that visually impaired individuals will obtain proper assistance. The

Movant has not proffered that the Defendant has: i) a written plan to assist visually impaired individuals, ii) a training manual which includes instructions on how to assist visually impaired individuals, iii) signs or visual/auditory aids advising visually impaired individuals that assistance is available.

Therefore, the Movant's simplistic statement that the Defendant's representative have been re-instructed" is insufficient to ensure that the Plaintiff will not be injured in the future. Further, the Movant's statement (in its Exhibit A) that its 'floor person' is in essence a bus-person (table cleaner and general assistance), with no training to address this *specific issue,* ie: assist the disabled with the Freestyle drink dispenser.

Furthermore, the Defendant has not addressed the fact that the Freestyle drink dispenser is not equipped with any auxiliary aid or devise for the visually impaired in order that visually impaired individuals can independently operate the Freestyle, now or in the future.

In its Motion, the Movant did not deny that the Plaintiff was unable to independently use the Freestyle drink dispenser and did not refute that the Plaintiff was (and will continue to be) a bona fide patron. Therefore the Plaintiff has standing and has imminent threat to future injury.

C. **The Plaintiff is unable to use the Freestyle dispenser due to the absence of auxiliary aids and services**

The Movant does not deny that the Plaintiff was unable to independently use the Freestyle drink dispenser, but argues that the Plaintiff is not entitled to injunctive relief.

In its Motion, the Movant focuses on the fact that the staff at its restaurant was (and is) available to assist the Plaintiff (and others who are visually impaired) in obtaining a drink from the Freestyle drink dispenser. Assuming arguendo that this is true, the Movant has not denied the fact that the Plaintiff is unable to *independently* utilize the Freestyle drink dispenser and therefore enjoy the same experience as other sighted customers.

The gravamen of this lawsuit is that the Plaintiff was unable to use the Freestyle drink dispenser due to his visual impairment, and that the Defendant has failed to provide auxiliary aids in order to permit the Plaintiff to independently comprehend and use the Freestyle drink dispenser.

The Movant has not provided a scintilla of evidence that the Defendant has provided auxiliary aids in order to permit the Plaintiff to *independently* comprehend and use the Freestyle drink dispenser such that the Plaintiff would not continue to be discriminated against on Plaintiff's future visits to the Defendant's restaurant(s).

The fact that the Freestyle drink dispenser is not specifically addressed in the current Title III regulations and ADA standards does not change the Defendant's obligations under the ADA to ensure effective communication to individuals with visual disabilities, 42 U.S.C. §12182 (b)(2)(A)(iii); 28 C.F.R. §36.303.

Title III regulation requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. §36.303(c)(1). The regulation sets forth numbers' examples of "auxiliary aids and services" including "Braille materials and displays, screen reader software; … accessible electronic and information technology; or other effective methods of making visually deliver materials available to individuals who are blind or have low vision." 28 C.F.R. §36.303(b).  The term "auxiliary aids and services" also includes the "[a]cquisiton or modifications of equipment or devices and [o]ther similar services and actions." *Id.*  Particularly significant here is that title III regulation requires that, "[i]n order to be effective, auxiliary aids and services must be provide in acceptable format, in a timely manner. *Id.*

In its Motion, the Movant has stated that the Defendant provides the service of a "Service Team Member" who is available to select and pour soft drinks for its visually impaired customers.

However, the Movant has admitted that the Defendant does not provided its visually impaired customers with auxiliary aids with which to *independently* obtain a soda drink from the Freestyle drink dispenser, thus furthering the segregation of the visually impaired from all other patrons.

### D. Notice Requirement

The Movant incorrectly states that the Plaintiff is required to put the Defendant on notice of his need for assistance with Defendant's Freestyle drink dispenser.  The Plaintiff respectfully disagrees with this premise.

The ADA does not provide guidance for new technologies such as the Defendant's Freestyle drink dispenser.  The new technology of touch-screen self-service drink dispenser (Freestyle) should have been designed with auxiliary aids within the devise such that the individuals who are visually impaired need not seek independent assistance for obtaining and mixing a drink.  By failing to provide assistive technologies, the Plaintiff should not be obligated to request assistance, as the new technology should be designed and built to accommodate individuals with disabilities, such as the Plaintiff and others similarly situated.

The Defendant rushed to bring the Freestyle drink dispensers into its places of public accommodation in order to increase drink sales and profitability. In its rush to bring new technologies within its places of public accommodation, the Defendant failed to consider the lack of accessibility and the lack of effective communication inherent with the touch screen Freestyle drink dispenser.  The fact is, that by installing the Freestyle drink dispenser without auxiliary

aids for the visually impaired, the Defendant failed to take any measures to ensure effective communication, or equality of the experience for the visually impaired, and thus is in violation of the ADA.

In <u>Camarillo v Carrols Corp.,</u> 2010 U.S. Dist., LEXIS (N.D.N.Y. 2010), the court held that the visually impaired plaintiff suffered an injury-in-fact even though she requested assistance. In Camarillo, the court held that the effectiveness of the assistance created the issues of fact, in order to survive a Motion to Dismiss. The failure of Plaintiff Gomez to request a specific type of assistance from the Defendant's restaurant staff should not be held as a requirement for filing this instant complaint.

For, even if adequate assistance was provided to the effect of satisfying effective communication, the Plaintiff would still need to request assistance for subsequent refills, which puts the burden on the Plaintiff and other visually impaired persons, subjecting him to mental distress and humiliation and further isolation or harassment.

<u>Camarillo</u> facts are similar to the instant case and must be considered by the court. As with <u>Camarillo</u>, the only way for the Plaintiff to have full and equal enjoyment of the Defendant's Freestyle drink dispenser is through modification of the Freestyle machine so that it can be independently operated by visually impaired individuals, such as the Plaintiff. See 42 U.S.C. §12103(1)(C).

The Plaintiff has adequately pleaded that he was unable to independently operate and the experience the joy of obtaining his custom beverage as other patrons at Defendant's restaurant. There is nothing within the ADA regulations which requires that the plaintiff must notify a public accommodation or place of public accommodation of his/her need for auxiliary aid or service and then be denied prior to bringing a claim under the ADA.

The Amended Complaint establishes liability under the ADA in that the Defendant (a public accommodation) failed to provide in its place of public accommodation effective communication and access with respect to patrons obtaining drinks from its Freestyle drink dispenser as said machine only has a touch screen interface, with no tactile buttons or audio interface system, or interactive screen reader software.   Thus, the Plaintiff has established liability under Title III.

### E. Florida Civil Rights Act

The Plaintiff has filed his Notice of Withdrawal of Count II, Violation of Florida Civil Rights Act, Florida Statutes §509 and §760. As such, the Movant's Motion to Dismiss count II becomes moot.

### CONCLUSION

The Defendant's attempt to dismiss the Amended Complaint fails as a matter of fact and law, as the Complaint is facially apparent in its allegations. In  the  event  that  this  Honorable Court should rule that the Amended Complaint fails to show on its face that it meets the jurisdictional requirements of this Court, the Plaintiff would request leave of court to file a Second Amended Complaint to allege more specifically the facts and points of law, as *Fed. R. Civ. Proc. 15* grants that the Court should freely give leave when justice so requires.

WHEREFORE, Plaintiff Andres Gomez (on his own behalf, and on behalf of all other individuals similarly situated) requests that this Honorable Court deny Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or in the alternative, grant Plaintiff leave court to file a Second Amended Complaint to more specifically allege more specifically the facts and points of law.

Respectfully Submitted,

/s/ Scott R. Dinin
Scott R. Dinin, Esq.
Fla. Bar No. 97780
SCOTT R. DININ, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Office: 786-431-1333
Fax: 786-513-7700
inbox@dininlaw.com
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2015 I have caused the following to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following email address:

Brett Coburn, Esq.
Alston & Bird
1201 W Peachtree St NE
One Atlantic Center
Atlanta, GA 30309-3424
Telephone (404)881-7700
Fax: (404)-253-8898
Email:brett.coburn@alston.com

Charlie Morgan, Esq.
Alston & Bird
1201 W Peachtree St NE
One Atlantic Center
Atlanta, GA 30309-3424
Telephone (404)881-7700
Fax: (404)-253-8898
Email: charlie.morgan@alston.com

Michael R. Tein
Lewis Tein, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Telephone (305) 442-1101
Fax: (305) 442-6744
Email: mtein@lewistein.com

*Attorneys for Defendant*
*PEI WEI ASIAN DINER, LLC.*

*/s/ Scott R. Dinin*